**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | |
|---|---|
| THE CINCINNATI INDEMNITY COMPANY,<br><br>Plaintiff,<br><br>v.<br><br>HOME DEPOT U.S.A., INC., et al.,<br><br>Defendants. | )<br>)<br>)<br>)<br>)   No. 4:22-CV-1366 RLW<br>)<br>)<br>)<br>)<br>) |

## <u>MEMORANDUM AND ORDER</u>

This matter is before the Court on Defendants Michelle Leitner and Mohamed Othman's Motion to Dismiss for Lack of Subject-Matter Jurisdiction. (ECF No. 34). Plaintiff opposes the motion and it is ready for disposition. For the reasons below, the Court will grant Defendants' motion.

## Background

This case arises from a slip-and-fall action currently pending in the Circuit Court of Jefferson County, Missouri. (ECF No. 1-5). In that matter, Defendant Leitner and her husband, Defendant Othman, contend that Leitner slipped and fell on a liquid substance at a Home Depot store located in Festus, Missouri. *Id.* In Count I of that action, Leitner asserts that the store's manager, Andrew J. Close, and other store employees—identified in the caption as John Does #1 through #4—knew or should have known about the dangerous condition and failed to use ordinary care to remove or warn of the dangerous condition. *Id.* at 3-5. In Count II, Leitner asserts that Home Depot is vicariously liable for any negligence attributable to Close or John Does #1 through #4. *Id.* at 5-7. In Count III, Othman claims loss of consortium. *Id.* at 7.

In the present action, Plaintiff The Cincinnati Indemnity Company contends that Home Depot contracted with Defendant Lutz Roofing South, Inc. to install new roofing at the Festus store. (ECF No. 21 at ¶ 18). According to Plaintiff, Lutz then contracted with Plaintiff's insured, Tradesmithe, Inc., to power-wash the roof. *Id.* at ¶ 21. Tradesmithe subcontracted the job to Defendant Alexander Construction. *Id.* at ¶ 25. The power-washing allegedly caused the dangerous condition that led to Leitner's injuries. (ECF No. 1-5). Plaintiff does not insure Home Depot, Lutz, or Alexander.

Plaintiff seeks, among other things, a declaration from this Court that neither Plaintiff nor Tradesmithe owe a duty to defend or indemnify Home Depot, Close, or any other affiliate, employee, servant, or representative. Leitner and Othman move for dismissal under Rule 12(b)(1) of the Federal Rules of Civil Procedure for lack of subject-matter jurisdiction.[1]

## Legal Standard

Under Rule 12(b)(1) of the Federal Rules of Civil Procedure, a party may move to dismiss an action based on a lack of subject-matter jurisdiction. Fed. R. Civ. P. 12(b)(1). "In deciding a motion under Rule 12(b)(1), the district court must distinguish between a facial attack—where it looks only to the face of the pleadings—and a factual attack—where it may consider matters outside the pleadings." *Croyle by & through Croyle v. United States*, 908 F.3d 377, 380 (8th Cir. 2018) (citation omitted). "The standard for a motion to dismiss under Rule 12(b)(6) applies equally to a motion to dismiss for lack of subject matter jurisdiction which asserts a facial challenge under Rule 12(b)(1)." *Gist v. Centene Mgmt. Co., LLC*, No. 4:21CV562 RLW, 2021 WL 3487096, at *2 (E.D. Mo. Aug. 9, 2021).

---

[1] Alternatively, Leitner and Othman move for judgment on the pleadings, a more definite statement, or dismissal under Rule 12(b)(6). The Court need not address Defendants' alternative theories for relief because the Court finds it lacks subject-matter jurisdiction.

Because Leitner and Othman assert a facial challenge, it is necessary to review the standard for dismissal under Rule 12(b)(6).[2] "To survive a motion to dismiss for failure to state a claim, the complaint must show the plaintiff is entitled to relief by alleging sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *In re Pre-Filled Propane Tank Antitrust Litig.*, 860 F.3d 1059, 1063 (8th Cir. 2017) (internal quotation marks omitted) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). In reviewing a Rule 12(b)(6) motion, the Court accepts as true all factual allegations and construes all reasonable inferences in the light most favorable to the nonmoving party. *Usenko v. MEMC LLC*, 926 F.3d 468, 472 (8th Cir. 2019), *cert. denied*, 140 S. Ct. 607 (2019). Courts "are not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). When considering a motion to dismiss, a court can "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. at 679. Rather, legal conclusions must be supported by factual allegations to survive a motion to dismiss. *Id*. "Where the allegations show on the face of the complaint there is some insuperable bar to relief, dismissal under Rule 12(b)(6) is appropriate." *Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008).

## Discussion

The Declaratory Judgment Act provides: "In a case of actual controversy within its jurisdiction, . . . any court of the United States, upon the filing of an appropriate pleading, may

---

[2] In a facial attack, the Court "restricts itself to the face of the pleadings" and the "complaint should not be dismissed unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Osborn v. United States*, 918 F.2d 724, 729 n.6 (8th Cir. 1990) (cleaned up). Here, the facts are not contested and the parties do not ask the Court to look beyond the pleadings. Thus, the Court will treat Defendants' motion as a facial attack.

declare the rights and other legal relations of any interested party seeking such declaration." 28 U.S.C. § 2201(a). The statute's "case or actual controversy" requirement is equivalent to Article III's case-or-controversy requirement. *Maytag Corp. v. Int'l Union, United Auto., Aerospace & Agric. Implement Workers of Am.*, 687 F.3d 1076, 1081 (8th Cir. 2012) (citation omitted). That is, the party invoking federal jurisdiction must establish an injury-in-fact that is fairly traceable to the defendant's conduct that can be redressed by the Court. *Schumacher v. SC Data Ctr., Inc.*, 33 F.4th 504, 509 (8th Cir. 2022). "The difference between an abstract question and a 'controversy' contemplated by the Declaratory Judgment Act is necessarily one of degree, and it would be difficult, if it would be possible, to fashion a precise test for determining in every case whether there is such a controversy." *Maryland Cas. Co. v. Pac. Coal & Oil Co.*, 312 U.S. 270, 273 (1941). "[T]he question . . . is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment." *Id.* at 273 (citation omitted).

Defendants Leitner and Othman maintain there is no justiciable case or controversy between them and Plaintiff. Plaintiff disagrees, arguing that if Defendants are successful in their state action, they will attempt to collect the judgment from Plaintiff under Mo Rev. Stat. § 379.200. The Court agrees with Defendants Leitner and Othman.

Plaintiff relies on the Supreme Court's decision in *Maryland Cas. Co. v. Pac. Coal & Oil Co.* to support its position that an actual controversy exists between Plaintiff and Defendants Leitner and Othman. At issue in that case was whether Maryland Casualty was liable to indemnify and defend Pacific Coal & Oil in a state action arising from an automobile collision involving a Pacific Coal employee and Joe Orteca. *Maryland Cas. Co.*, 312 U.S. at 271. After Orteca filed suit in Ohio state court, Maryland Casualty filed a declaratory-judgment action in federal court against

4

Pacific Coal and Orteca. *Id.* In response, Orteca moved for dismissal on the basis that there was no actual controversy between him and Maryland Casualty. *Id.* at 272. The trial court granted the motion and Fifth Circuit affirmed. *Id.* The Supreme Court reversed, explaining:

> That the complaint in the instant case presents such a controversy is plain. Orteca is now seeking a judgment against the insured in an action which the latter claims is covered by the policy, and [Ohio law] give[s] Orteca a statutory right to proceed against petitioner by supplemental process and action if he obtains a final judgment against the insured which the latter does not satisfy within thirty days after its rendition.

*Id.* at 273. The Supreme Court noted that a contrary holding could open the door to opposite interpretations of the policy by the federal and state courts. *Id.*

At first glance, it would seem *Maryland Casualty* resolves the issue at bar. But the present action differs from *Maryland Casualty* in one key respect: Leitner and Othman are not suing Plaintiff's insured in the state action. There is no possibility of opposite interpretations of Tradesmithe's policy because it is not at issue in the underlying case.

The present case is more akin to *U.S. Underwriters Ins. Co. v. Orion Plumbing & Heating Corp.*, 321 F. Supp. 3d 313 (E.D.N.Y. 2018). In that case, Joseph Pomilla sustained bodily injuries in the course of his employment as a firefighter when responding to a call at a property owned, operated, and maintained by Arkadiy Bangiyev. *Id.* at 315. The property was undergoing construction at the time of the incident. *Id.* Pomilla filed a state action against Bangiyev and the entities allegedly responsible for the construction. *Id.* at 315-16. Bangiyev then filed a third-party claim against Orion Plumbing and J. Bayot Home Design seeking indemnification and contribution. *Id.* at 316. U.S. Underwriters subsequently brought an action in federal court against Orion, Bangiyev, Pomilla, and Bayot, seeking a declaratory judgment that it had no duty to defend or indemnify Orion, or any other party, for claims asserted in the underlying state action. *Id.* at

5

316. After a conference with the parties, the district court ordered U.S. Underwriters to show cause why the court should not dismiss all claims against Bayot and Pomilla for lack of subject-matter jurisdiction. *Id.* As to Pomilla, U.S. Underwriters argued that a justiciable case or controversy existed because Pomilla, if successful in the state action, could foreseeably seek to recover the judgment from U.S. Underwriters. *Id.* at 317-18. The court disagreed, noting that Pomilla had not initiated any claims against U.S. Underwriters or Orion, its insured. *Id.* at 318.

The Sixth Circuit reached a similar conclusion in *Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Commissioners*, 53 F.4th 1014 (6th Cir. 2022). That case arose from two class-action lawsuits against several Michigan counties. *Safety Specialty Ins. Co. v. Genesee Cnty. Bd. of Commissioners*, 53 F.4th 1014, 1018 (6th Cir. 2022). Genesee County, a defendant in both lawsuits, claimed coverage under two liability-insurance policies. *Id.* The insurer denied the claim and filed a declaratory-judgment action in federal court against both Genesee County and the underlying class representatives. *Id.* The district court agreed with the insurer that it had no duty to defend or indemnify Genesee County but dismissed the case as to the class representatives for lack of federal jurisdiction. *Id.* In affirming the dismissal of the class representatives, the Sixth Circuit explained that Genesee County was not the alleged wrongdoer in the action and that the class representatives had joined Genesee County only for class-representation purposes. *Id.* at 1019. The Sixth Circuit stated:

> With respect to [the class representatives], each claim fails to satisfy the requirements of Article III and the Declaratory Judgment Act. The duty to defend is ripe for adjudication between [the insurer] and Genesee County, but has little to do with [the class representatives]. The duty to indemnify, to the extent that it reflects a controversy between [the insurer] and [the class representatives], is not immediate enough to warrant declaratory judgment.

*Id.* at 1021. The Sixth Circuit further explained that the class representatives were not signatories to the insurance contract between the insurer and Genesee County and that the class representatives had not asked the insurer to defend them. *Id.* at 1021.

*U.S. Underwriters* and *Safety Specialty* both support a finding in Defendants' favor. While *Safety Specialty* differs in some respects from the present case, the logic of the Sixth Circuit's decision is instructive. "Suits based solely on the mere risk of future harm cannot establish an injury sufficient for standing." *Id.* at 1020 (citing *TransUnion LLC v. Ramirez*, 141 S. Ct. 2190, 2211 (2021)).[3]

Unlike *Maryland Casualty*, Leitner and Othman have not named Plaintiff's insured in the underlying action. The possibility that Leitner and Othman might look to Plaintiff for indemnification in the future is more attenuated than it was for the parties in *Maryland Casualty*. *Id.* at 1023. Leitner and Othman were not signatories to the contract between Plaintiff and Tradesmithe, and—at least at this juncture—they have no stake in the indemnification fight between Plaintiff and the other defendants. *See id.* at 1021.

## Conclusion

The allegations in the Amended Complaint present an insuperable bar to relief against Defendants Leitner and Othman. *See Benton v. Merrill Lynch & Co.*, 524 F.3d 866, 870 (8th Cir. 2008). The Court finds there is no justiciable case or controversy between Plaintiff and Defendants Leitner and Othman.

---

[3] The fact that Home Depot and Tradesmithe have a pre-existing Maintenance Services Agreement does not change the Court's analysis. The work at issue was not performed pursuant to that agreement. But even if that agreement were relevant to this case, it remains true that Tradesmithe is not a defendant in the underlying action.

Accordingly,

**IT IS HEREBY ORDERED** that Defendants Michelle Leitner and Mohamed Othman's

Motion to Dismiss for Lack of Subject-Matter Jurisdiction is **GRANTED**. (ECF No. 34).

An appropriate Order of Dismissal will follow.


*Ronnie L. White*
_____
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**


Dated this 7th day of September, 2023.