UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| THE CINCINNATI INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | ) )  No. 4:22-CV-1366 RLW |
| HOME DEPOT U.S.A., INC., et al., | ) ) ) |
| Defendants. | ) |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Lutz Roofing South, Inc.'s ("Lutz Roofing South") Motion to Set Aside Default Judgment. (ECF No. 97). Plaintiff The Cincinnati Indemnity Company has filed a response stating that it does not oppose the motion. (ECF No. 98). For the following reasons, the Court will grant the motion.

**Background**

This insurance matter arises from a slip-and-fall action currently pending in the Circuit Court of Jefferson County. On December 21, 2022, Plaintiff filed suit against Defendant Home Depot U.S.A., Inc. ("Home Depot") and several of its subcontractors, including Lutz Roofing South. (ECF No. 1). Plaintiff alleges that Home Depot contracted with Lutz Roofing South to install new roofing at one of its store locations. According to Plaintiff, Lutz Roofing South then contracted with Plaintiff's insured, Defendant Tradesmithe, Inc. ("Tradesmithe"), to power wash the roof. Tradesmithe then subcontracted the job to Defendant Alexander Construction. The power-washing purportedly caused the dangerous conditions that led to the plaintiffs' alleged injuries in the state court matter. Plaintiff seeks, among other things, a declaration from this

1

Court that neither Plaintiff nor Tradesmithe owe a duty to defend or indemnify Home Depot or any of its affiliates. (ECF Nos. 21 & Exs. 1-7).

Lutz Roofing South was served on January 10, 2023, and had twenty-one days to file an answer or otherwise defend. (ECF No. 32). Lutz Roofing South did not file a responsive pleading. On February 14, 2024, a Clerk's Entry of Default pursuant to Rule 55(a), Federal Rules of Civil Procedure, was entered against Lutz Roofing South, and the entity is now in default. (ECF No. 88). On March 26, 2024, counsel entered an appearance on behalf of Lutz Roofing South and filed the instant motion to set aside the Clerk's entry of default. (ECF Nos. 96, 97).

**Discussion**

An entry of default under Rule 55(a) will not automatically be set aside. Rule 55(c), Fed. R. Civ. P., provides that a court may set aside an entry of default for good cause. The Eighth Circuit Court of Appeals has explained that when "examining whether good cause exists, the district court should weigh 'whether the conduct of the defaulting party was blameworthy or culpable, whether the defaulting party has a meritorious defense, and whether the other party would be prejudiced if the default were excused.' Johnson v. Dayton Elec. Mfg. Co., 140 F.3d 781, 784 (8th Cir. 1998)." Stephenson v. El-Batrawi, 524 F.3d 907, 912 (8th Cir. 2008). Where a defaulting party does not show good cause for the default as required by Rule 55(c), however, a court does not abuse its discretion in declining to consider the meritoriousness of the party's defense or the potential prejudice to the plaintiff from setting aside the entry of default. McMillian/McMillian, Inc. v. Monticello Ins. Co., 116 F.3d 319, 320 (8th Cir. 1997).

In applying this analysis, the Eighth Circuit "focus[es] heavily on the blameworthiness of the defaulting party." Johnson, 140 F.3d at 784. In so doing, Eighth Circuit "cases have

2

consistently sought to distinguish between contumacious or intentional delay or disregard for deadlines and procedural rules, and a 'marginal failure' to meet pleading or other deadlines. We have rarely, if ever, excused the former." Id. (citations omitted). In contrast, the Eighth Circuit "has often granted Rule 55(c) and Rule 60(b) relief for marginal failures when there were meritorious defenses and an absence of prejudice." Id. (citations omitted).

"Whether a meritorious defense exists is determined by examining whether the proffered evidence would permit a finding for the defaulting party." Stephenson, 524 F.3d at 914 (internal quotations and citations omitted). "The underlying concern is whether there is some possibility that the outcome after a full trial will be contrary to the result achieved by the default." Id. (cleaned up). With respect to the issue of prejudice, "delay alone, or the fact the defaulting party would be permitted to defend on the merits, are insufficient grounds to establish the requisite prejudice to the plaintiff." Id. at 915. "Setting aside a default must prejudice plaintiff in a more concrete way, such as loss of evidence, increased difficulties in discovery, or greater opportunities for fraud and collusion." Id. (internal quotations and citations omitted).

The Court is also mindful of the strong policy underlying the Federal Rules of Civil Procedure favoring decisions on the merits rather than resolution of cases through default judgment. See United States ex rel. Time Equip. Rental & Sales, Inc. v. Harre, 983 F.2d 128, 130 (8th Cir. 1993). "The entry of default judgment should be a rare judicial act." Comiskey v. JFTJ Corp., 989 F.2d 1007, 1009 (8th Cir. 1993) (internal quotation and citation omitted).

Lutz Roofing South's motion asserts that its delay in filing a responsive pleading was not willful but instead caused by confusion due to the existence of two separate entities entitled "Lutz Roofing": Lutz Roofing and Lutz Roofing South. While Lutz Roofing was named in the underlying state court action, Lutz Roofing South was not. The discrepancy purportedly caused

3

"administrative confusion, and miscommunication between the Lutz Roofing entities' insurer, and the insured, regarding the two pending cases and the two separate entities." (ECF No. 97). Lutz Roofing South further asserts it has a meritorious defense in this matter, specifically that there is a Purchase Order Indemnification Agreement in the contract with Tradesmithe, as well as an "Also Insured" provision in the subject insurance policies, both of which legally require Plaintiff to provide indemnification in the underlying state court matter. Finally, Lutz Roofing South maintains that setting aside the entry of default will not prejudice Plaintiff. Id.

The Court finds that Lutz Roofing South has made an adequate showing of good cause to set aside the entry of default under Rule 55(c). Under Eighth Circuit precedent, entries of default and even default judgments have been set aside in the face of more neglectful conduct than exists in this case. See, e.g., Union Pacific R.R. Co. v. Progress Rail Servs. Corp., 256 F.3d 781, 783 (8th Cir. 2001) (district court abused its discretion by refusing to grant relief from default judgment where defendant neglected to file answer because of recording error by its legal department); Feeney v. AT & E, Inc., 472 F.3d 560, 564-65 (8th Cir. 2006) (district court abused its discretion in refusing to set aside part of judgment, where defendant's claimed "excusable neglect" was that he had not checked his mail for two months, and therefore did not respond to plaintiffs' summary judgment motion); Johnson, 140 F.3d at 784-85 (district court abused its discretion in refusing to set aside default that resulted from "poor communication" between defendant, its attorney, and its insurer, despite Eighth Circuit's finding that defendant and its attorney acted carelessly and even exhibited "cavalier approach" to filing deadline). Because Plaintiff does not oppose the motion, the Court finds there is no prejudice to Plaintiff if the entry of default is set aside.

Accordingly,

4

**IT IS HEREBY ORDERED** that Defendant Lutz Roofing South, Inc.'s Motion to Set Aside Default Judgment is **GRANTED**.   [ECF No. 97]

**IT IS FURTHER ORDERED** that the Clerk's Entry of Default is **VACATED**. [ECF No. 88]

**IT IS FURTHER ORDERED** that Defendant Lutz Roofing South, Inc. shall file its Answer or other response to the amended complaint by **April 17, 2024**.

*Ronnie L. White*
**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this   10th   day of April, 2024.