**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | |
|---|---|
| THE CINCINNATI INDEMNITY COMPANY, | ) ) ) |
| Plaintiff, | ) ) |
| v. | )  No. 4:22-CV-1366 RLW |
| HOME DEPOT U.S.A., INC., et al., | ) ) ) |
| Defendants. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Particular Defendants Michelle Leitner and Mohamed Othman's Motion for Attorney's Fees.  (ECF No. 73).  Plaintiff The Cincinnati Indemnity Company opposes the motion.  (ECF No. 78).  For the reasons set forth below, the Court will deny the motion.

## BACKGROUND

This case arises from a slip-and-fall action brought by Leitner and her husband Othman in the Circuit Court of Jefferson County, in which they contend that Leitner slipped and fell on a liquid substance at a Home Depot store located in Festus, Missouri.  (ECF No. 21, Ex. 5).  In Count I of that action, Leitner asserts that the store's manager and other store employees—identified in the caption as John Does #1 through #4—knew or should have known about the dangerous condition and failed to use ordinary care to remove or warn of the dangerous condition.  *Id.* at 3-5.  In Count II, Leitner asserts that Home Depot is vicariously liable for any negligence attributable to the store manager or John Does #1 through #4.  *Id.* at 5-7.  In Count III, Othman claims loss of consortium.  *Id.* at 7.

1

On December 21, 2022, Plaintiff filed this declaratory judgment action against Home Depot U.S.A., Inc. ("Home Depot"), two of Home Depot's contractors, the store manager, and Leitner and Othman.   (ECF No. 1).   Plaintiff alleges that Home Depot contracted with Defendant Lutz Roofing South, Inc. ("Lutz Roofing") to install new roofing at the Festus store. Lutz Roofing then contracted with Plaintiff's insured, Tradesmithe, Inc. ("Tradesmithe"), to power wash the roof.   Tradesmithe subcontracted the job to Defendant Alexander Construction. The power-washing purportedly caused the dangerous conditions that led to the Leitner's alleged injuries in the state-court matter.   Plaintiff seeks a declaration from this Court, pursuant to 28 U.S.C. § 2201, that neither Plaintiff nor Tradesmithe owe a duty to defend or indemnify Home Depot or any of its affiliates in the underlying state-court matter.   (ECF No. 21).

On February 6, 2023, Leitner and Othman filed a motion to dismiss, asserting, among other grounds, that the Court lacked subject matter jurisdiction pursuant to Rule 12(b)(1) of the Federal Rules of Civil Procedure because there was no actual controversy between them and Plaintiff.   (ECF Nos. 34, 35).   Plaintiff opposed the motion to dismiss, arguing that an actual controversy did exist based on the parties' adverse interests.   (ECF No. 41 at 3-5) (citing *Maryland Cas. Co. v. Pacific Coal & Oil Co.*, 312 U.S. 270, 273-74 (1941) (generally, when insurance company brings declaratory judgment action against its insured, actual controversy exists between insurance company and injured person)).   Plaintiff stated:

> [I]f Movants obtain a judgment against Home Depot or the John Does (*i.e.*, Tradesmith, Inc.), under the Policies, then, pursuant to [Mo. Rev. Stat.] § 379.200, they shall be entitled to have the insurance money under the Policies. Presumably, Movants would contend there is coverage under the Policies.   In this regard, Movants' interests are directly adverse to the interests of [Plaintiff], which contends there is no coverage under the Policies.

*Id.* at 5.   Leitner and Othman filed a reply, in which they identified misrepresentations made by Plaintiff in its response brief; namely, Plaintiff's incorrect identification of Tradesmithe as a John

Doe defendant in the state-court action, and a citation to a repealed statute.[1]   (ECF No. 43).
Leitner and Othman further implied that Plaintiff conflated the John Doe defendants with
Tradesmithe in an attempt to "shoe-horn this case into factual similarity with [*Maryland
Casualty*]."  *Id.* at 2.   The next day, Plaintiff filed a Notice to the Court, confirming that it had
erred in stating Tradesmithe was a named defendant in the state-court action, that its citation to a
repealed statute was "merely a typographical error," and that its overall legal analysis remained
unchanged.   (ECF No. 44).

On September 7, 2023, this Court granted Leitner and Othman's motion to dismiss for
lack of subject-matter jurisdiction, reasoning that a suit based solely on the "'mere risk of future
harm'" could not establish an injury sufficient for standing.   (ECF No. 62 at 7 (quoting *Safety
Specialty Ins. Co. v. Genesee Cnty. Bd. of Comm'r*, 53 F.4th, 1014, 1020 (6th Cir. 2022)).   The
Court stated, in part:

> Unlike *Maryland Casualty*, Leitner and Othman have not named Plaintiff's
> insured in the underlying action.   The possibility that Leitner and Othman might
> look to Plaintiff for indemnification in the future is more attenuated than it was
> for the parties in *Maryland Casualty* … Leitner and Othman were not signatories
> to the contract between Plaintiff and Tradesmithe, and—at least at this
> juncture—they have no stake in the indemnification fight between Plaintiff and
> the other defendants…"

*Id.*

Leitner and Othman now seek attorney's fees in the amount of $19,117.20.   They argue
that Plaintiff's misrepresentations (i.e., misidentifying Tradesmithe as a state-court defendant
and citing a repealed statute) were made in a bad-faith effort to perpetuate a frivolous lawsuit
against them, and thereby constitute special circumstances justifying an award of attorney's fees.

---

[1] Plaintiff claimed to have inadvertently cited Mo. Rev. Stat. § 517.100 (repealed statute related
to procedure before certain associate circuit judges) instead of § 527.100 (in declaratory
judgment actions, court may make such award of costs as may seem equitable and just).

 (ECF No. 73).   In response, Plaintiff argues that no special circumstances exist to support an award of attorney's fees, and that justice and equity do no permit such an award under the facts of this case.   (ECF No. 78).

## DISCUSSION

"Under the longstanding American Rule, parties are required to pay their own attorney's fees unless an award of fees is authorized by statute." *Kelly v. Golden*, 352 F.3d 344, 352 (8th Cir. 2003) (citation omitted).   Under the Federal Declaratory Judgment Act, 28 U.S.C. § 2201, there is no provision for the award of attorney's fees. *Neidenbach v. Amica Mut. Ins. Co.*, 161 F. Supp. 3d 731, 738 (E.D. Mo. 2016).   However, attorney's fees may be awarded under section 2201 where "'such an award is authorized by applicable state law for comparable actions.'" *Id.* (quoting *Am. Family Ins. Co. v. Dewald*, 597 F.2d 1148, 1151 (8th Cir. 1979)).

"In declaratory judgment proceedings under Missouri law, 'the court may make such award of costs as may seem equitable and just.'" *State Auto Prop. & Cas. Ins. Co. v. Larkin*, No. 4:12CV1853 HEA, 2015 WL 3823155, at *1 (E.D. Mo. June 18, 2015) (quoting Mo. Rev. Stat. § 527.100).   "An award of costs under this provision, however, does not automatically include attorney's fees." *Id.* (citing *Smith v. City of St. Louis*, 395 S.W.3d 20, 26 (Mo. banc 2013)).   A court may award attorney's fees to a prevailing party in a declaratory judgment action only when "special circumstances" exist. *Smith*, 395 S.W.3d at 26 (citing *Goellner v. Goellner Printing*, 226 S.W.3d 176, 179 (Mo. Ct. App. 2007)).   The special circumstances exception "is narrow, strictly applied, and does not apply every time two litigants maintain inconsistent positions." *Goellner*, 226 S.W.3d at 179 (citation omitted).   In addition, "the existence of 'special circumstances' is a threshold issue that makes an award of attorney fees and expenses *permissible*," but not mandatory. *Wells v. Farmers All. Mut. Ins. Co.*, No. 207CV0036

ERW, 2009 WL 3172350, at *1 (E.D. Mo. Sept. 29, 2009) (emphasis original) (citing *Goralnik v. United Fire & Cas. Co.*, 240 S.W.3d 203, 210 (Mo. Ct. App. 2007)).

Leitner and Othman contend that Plaintiff engaged in bad faith in pursuing a frivolous suit against them. Intentional misconduct during the course of litigation is a special circumstance that may justify an award of attorney's fees. *Incline Village Bd. of Trs. v. Edler*, 592 S.W.3d 334, 341 (Mo. banc 2019). The Court is not convinced, however, that Plaintiff's misidentification of Tradesmithe as a state-court defendant and its inadvertent citation to a repealed statute constitute the type of intentional misconduct contemplated under Missouri law to warrant an award of attorney's fees. Rather, it appears to the Court that Plaintiff engaged in unsuccessful litigation strategy when it came to Leitner and Othman and made negligent, inaccurate admissions in its briefing along the way. *See Edler*, 592 S.W.3d at 342-43 ("advocating inconsistent positions is not a special circumstance … it is the very nature of litigation"; special circumstances contemplates something more than advocating position court finds wrong). The Court is similarly unconvinced that Plaintiff engaged in such conduct for the purpose of pursuing an entirely frivolous suit against Leitner and Othman under the pretense that this case was analogous to *Maryland Casualty*. *See Maryland Casualty*, 312 U.S. at 273 (there is no precise test for determining whether controversy exists in declaratory judgment action; "[T]he question in each case is whether the facts alleged, under all the circumstances, show that there is a substantial controversy, between parties having adverse legal interests, of sufficient immediacy and reality to warrant the issuance of a declaratory judgment.").

Based on the record before it, the Court finds that an award of attorney's fees is not warranted here. *See David Ranken, Jr. Tech. Inst. v. Boykins*, 816 S.W.2d 189, 193 (Mo. banc 1991), *overruled on other grounds*, *Alumax Foils, Inc. v. City of St. Louis*, 939 S.W.2d 907, 911

(Mo. banc 1997) ("In the absence of contract or statute, our courts have rarely found the very unusual circumstances that permit the award of attorneys' fees."). The Court will therefore deny Leitner and Othman's motion.

Accordingly,

**IT IS HEREBY ORDERED** that Particular Defendants Michelle Leitner and Mohamed Othman's Motion for Attorney's Fees [ECF No. 73] is **DENIED**.

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**

Dated this ___22nd___ day of April, 2024.